UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHEM and MEREDITH MALMQUIST,<br>Plaintiffs<br><br>vs<br><br>METROPOLITAN GOVERNMENT OF<br>NASHVILLE and DAVIDSON COUNTY,<br>TENNESSEE, and GERMANTOWN,<br>TENNESSEE,<br>Defendants | Case No. 3:10-01014<br><br>Hon. Haynes/Bryant |

## INITIAL CASE MANAGEMENT ORDER

1. **Jurisdiction.** This Court has jurisdiction under 28 U.S.C. §1331 and under 28 U.S.C. §1343. Jurisdiction is not in dispute.

2. **Venue.** Venue is appropriate in the Middle District of Tennessee under 28 U.S.C. § 1391(b)(2). Venue is not in dispute.

3. **Plaintiff's Theory.** The setting of bail by a preset formula and/or without an individualized assessment of an individuals' likelihood to flee or be a danger to the community if released and in an arbitrary manner is excessive bail in violation of the Eighth Amendment Excessive Bail clause and the 14th Amendment Due Process Clause to the U.S. Constitution. Plaintiffs had their bail set pursuant to a preset formula, based on whether they would post the bail by surety or in cash, without an individualized assessment of their likelihood to flee and they seek to represent all others similarly situated who had their bail set arbitrarily. Metro-Nashville/Davidson County has a policy, practice or pattern of setting bail by a preset formula or without an individualized assessment and in an arbitrary fashion.

    Germantown, Tennessee likewise denied bail to the plaintiffs based on a preset policy of denying bail to those arrested on out of county warrants which is arbitrary and

not based on any such person's likelihood to flee.

4. **Defendant Metro-Nashville/Davidson County's Theory.** Plaintiffs' claims are factually and legally unsupported. First, contrary to Plaintiffs' assertion, Davidson County General Sessions Commissioners do not use a preset formula to determine bail. To the contrary, Commissioners make an individualized assessment of each individual's circumstances, considering first whether a defendant should be released on his or her own recognizance or released under supervised conditions. If the Commissioner determines that bail is required, he or she then considers the nine factors set forth in Tenn. Code Ann. § 40-11-118. Plaintiffs' assertion to the contrary is simply false.

    Furthermore, even accepting Plaintiffs' allegations as true, Plaintiffs still would not state a constitutional claim. First, Plaintiffs' Eighth Amendment claims fail because (1) Plaintiffs do not challenge the excessiveness of their own bails; (2) they cannot establish the arbitrariness of their own bails; and (3) a challenge to the excessiveness of their own bails would fail on the merits. Second, Plaintiffs' substantive due process claims fail because, under long-standing U.S. Supreme Court precedent, these claims must be analyzed under the Eighth Amendment. Furthermore, even accepting Plaintiffs' allegations as true, Plaintiffs cannot satisfy the "shock the conscience" standard. Finally, Plaintiffs' procedural due process claims fail under *Mathews v. Eldridge*, 424 U.S. 319 (1976).

5. **Defendant Germantown's Theory.** Defendant, City of Germantown denies that it is liable to Plaintiffs under any theory or allegation upon which Plaintiffs have brought suit against it.

    The proof in this case will show that no agent or employee of Germantown was involved in the issuance of arrest warrants for either of the Plaintiffs. Upon information and belief, it was the understanding of agents/employees of the Germantown Police Department that an offense involving Plaintiffs had occurred in Davidson County and that an appropriate Court of jurisdiction in Davidson County had issued arrest warrants directed at the Plaintiffs. No agent or employee of the Germantown Police Department was previously aware of the existence of said arrest warrants until they were contacted by

agents/employees of the Metropolitan Nashville/Davidson County Police Department who asked for assistance and the service of said warrants and the taking into custody of Plaintiffs. At all times, agents/employees of the Germantown Police Department acted in good faith and upon a reasonable belief that said warrants and the process utilized by Davidson County for said warrants was lawful. Germantown thus denies that it violated any of Plaintiffs's rights secured under any authority or by virtue of any theory upon which Plaintiffs rely in this action.

Germantown further denies that when it does set a bond on an arrestee, that it does so based upon a predetermined list or preset formula. Germantown submits that its judicial officers set bonds based upon an individualized assessment of the circumstances related to a particular individual and/or his arrest and other factors which are lawfully recognized to be determinative in the setting of a bond.

To the extent applicable, Germantown denies that the plaintiffs are appropriate class representatives of any theory or allegation upon which they base their class action claim against Germantown. Finally, Germantown avers that to the extent that Plaintiffs' Complaint fails to state a claim, same should be dismissed.

6. **Service of Process.** Service of process is complete as to both defendants.
7. **Responsive Pleadings.** Responsive pleadings have not yet been filed.
8. Plaintiff's deadline for filing his motion for class certification is **September 15, 2011**.
9. **Discovery.**
    a. **Mandatory Initial Disclosures.** Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures within 14 days after the initial case management conference.
    b. Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a telephone conference call with Magistrate Judge Bryant.
    c. **Electronic Discovery.** The default provisions of Administrative Order No. 174 shall apply.

d. **Discovery Cut-off.** All fact discovery is to be completed by **December 15, 2011**.

e. **Electronic Service.** Counsel for the parties shall accept service of case-related material not otherwise filed through the Clerk's Office by electronic mail attachment in PDF format, in addition to any other format as agreed, sent to opposing counsel's email address who shall then accept such electronic service of case-related documents in lieu of the delivery of printouts or other physical copies. The attorney served in such manner shall send a reply email acknowledging receipt.

10. **Expert Disclosures and Depositions.** Plaintiff shall disclose experts pursuant to F.R.C.P. 26(a)(2) by **February 15, 2012**. Defendant shall disclose experts by **March 1, 2012**. Expert witness depositions shall be taken before **March 21, 2012**.

11. **Dispositive Motions.**

    a. All dispositive motions are to be filed by **March 21, 2012**. Responses are to be filed by **April 21, 2012**. Replies are to be filed by **May 6, 2012**. If dispositive motions are filed early, the response and reply dates are moved up accordingly.

    b. Briefs in support of dispositive motions and responses shall not exceed 25 pages absent leave of court. Reply briefs shall not exceed 10 pages absent leave of court.

12. **Pretrial Conference and Trial Date.** These dates will be set by separate order. The trial is expected to last three days. This case shall be set for a bench trial. A target trial date of **August, 2012** is requested by the parties.

13. **Modification.** This order may be modified for good cause.

    It is so **ORDERED.**

    ENTERED this __19th__ day of __April__, 2011.

    _____
    John S. Bryant
    U.S. Magistrate Judge

APPROVED FOR ENTRY:

/s/ Jerry Gonzalez
Jerry Gonzalez (18379)
Attorney for Plaintiffs
2441-Q Old Fort Parkway
No. 381
Murfreesboro, TN 37128
615-360-6060
jgonzalez@jglaw.net

Attorney for Plaintiffs


/s/ Robert Burns by JG with permission
Robert M. Burns, #15383
C. Mark Harrod, #28416
HOWELL & FISHER, PLLC
Court Square Building
300 James Robertson Parkway
Nashville, TN 37201-1107
rburns@howell-fisher.com
mharrod@howell-fisher.com
(615) 244-3370

Attorneys for Germantown, Tennessee

/s/ Kevin Klein by JG with permission
Sue Cain (9380)
Kevin Klein (23301)
Allison L. Bussell (23538)
Asst. Metropolitan Attorneys
P.O. Box 196300
108 Metro Courthouse
Nashville TN 37219-6300
615-862-6341
kevin.klein@nashville.gov

Attorneys for Metro Nashville